IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

William and Jenny Paatalo,

    Plaintiffs,

v.

Lincoln County, by and through its Deputy
Sheriff Boys acting in his official capacity;
And JoAnn McCarthy, individually and as
Trustee of the Norman E. McCarthy and
JoAnn McCarthy Trust,

    Defendants.

Case No. 6:21-cv-00117-MC

OPINION AND ORDER

**MCSHANE, District Judge:**

    Plaintiffs Jenny and William Paatalo sue Defendant JoAnn McCarthy and Defendant Lincoln County over an alleged property dispute in Yachats, Oregon. Mrs. Paatalo seeks to eject Defendant McCarthy from the property, while Mr. Paatalo alleges that Lincoln County violated his constitutional rights by forcibly removing him from the same property. Defendant McCarthy moves to dismiss Mrs. Paatalo's action. Because Mrs. Paatalo has failed to state a claim upon which relief can be granted, Defendant's Motion to Dismiss, ECF No. 7, is GRANTED. And because Mr. Paatalo lacks Article III standing, the Court has no jurisdiction over his claims and his action is DISMISSED *sua sponte*.

## BACKGROUND

    Plaintiffs Mr. and Mrs. Paatalo are residents of Flathead County, Montana. Defendant JoAnn McCarthy is a resident of Yakima, Washington and the Trustee of the Norman E. McCarthy

1 – OPINION AND ORDER

and JoAnn L. McCarthy Revocable Living Trust. The property at issue is 400 E. 3rd Avenue, Yachats, Oregon.

Mr. Paatalo is the former owner of the property, having taken interest by statutory warranty deed in 2004. Pl.'s Compl. Ex. C, at 8. Although disputed by Mr. Paatalo, his interest in the property was divested when his mortgage lender executed a Notice of Default and Execution of Sale and a Notice of Foreclosure[1]. Def.'s Mot. to Dismiss Ex. A, at 14, ECF No. 7. JPMorgan Chase Bank then acquired the property through a trustee's deed in 2009. Def.'s Mot. to Dismiss Ex. C, at 16. Norman and JoAnn McCarthy then purchased the property from JP Morgan Chase Bank in 2011. Def.'s Mot. to Dismiss Ex. B, at 13.

Despite never reacquiring possession of the property, judicially or otherwise, Mr. Paatalo conveyed to Mrs. Paatalo by special warranty deed his assumed ownership and possessory interest in the property in 2019. Pl.'s Compl. Ex. B, at 15–16. Mrs. Paatalo argues that she has a legal estate and present right to possess the property because of the 2019 special warranty deed that purported to convey sole ownership interest from Mr. Paatalo to her as a tenant by the entirety. Pl.'s Compl. ¶¶34–39. Mrs. Paatalo now moves to eject Defendant McCarthy from the property pursuant to Or. Rev. Stat. § 105.010. Pl.'s Compl. ¶¶34–39.

## STANDARDS

### I. Defendant McCarthy's Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

---

[1] The Ninth Circuit dismissed Mr. Paatalo's 2018 claim against JP Morgan Chase challenging the foreclosure of the property because he "did not exhaust his claim for declaratory relief through the administrative claims process under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 . . . ." *William J. Paatalo v. JPMorgan Chase Bank, N.A.*, 726 Fed. Appx. 602, 603 (9th Cir. 2018). Mr. Paatalo does not allege that he has met the exhaustion requirement, so this Court still lacks the subject-matter jurisdiction necessary to scrutinize the validity of the foreclosure.

550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the Court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). In considering a motion to dismiss, the Court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## II. Standing

"The objection that a federal court lacks subject-matter jurisdiction . . . may be raised . . . by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (citing Fed. R. Civ. P. 12(b)(1)). A court is without jurisdiction to resolve any claim for which a plaintiff lacks standing to assert. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). At a constitutional minimum, standing requires a plaintiff to show that she has "suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury can be traced to the challenged action and is likely to be redressed by a favorable decision." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) (internal quotation marks and citations omitted).

## **DISCUSSION**

## I. Ejectment

In Oregon, a plaintiff who has a "legal estate in real property and a present right to the possession of the property, may recover possession of the property, with damages for withholding possession, by an action of law." Or. Rev. Stat. § 105.005 (2019). A plaintiff must state in their

complaint that they are (1) entitled to the possession of the property and (2) that the defendant has wrongfully withheld the property to the damage of the plaintiff for the sum claimed in the complaint. Or. Rev. Stat. § 105.010 (b), (c) (2019). "By its very nature, an action for ejectment requires that *the plaintiff prove the nature of its legal estate in the property*." *U.S. Bank Nat. Ass'n v. Wright*, 253 Or. App. 207, 213 (2012) (emphasis added). The plaintiff cannot "rely upon [the] weakness of defendant's title" to prove their own legal estate and possessory right in the property. *Fowler v. Gehrke*, 166 Or. 239, 242 (1941).

Importantly here, Oregon law stipulates that when a nonjudicial foreclosure and sale occurs and the trustee sells the property covered by a trust deed, the trustee's sale "forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given . . . or to a person that claims an interest by, through or under the person to which notice was given . . . ." Or. Rev. Stat. § 86.797 (1) (2019). The record shows that Mr. Paatalo was the former owner of the property, having taken interest through Statutory Warranty Deed in 2004.[2] Pl.'s Compl. Ex. C, at 8. The record also shows that, in 2008, Mr. Paatalo's mortgage lender executed a Notice of Foreclosure and Election to Sell the property. Def.'s Mot. to Dismiss Ex. A, at 14. Following the 2008 foreclosure by Mr. Paatalo's mortgage lender, the property was bought by JPMorgan Chase Bank by a Trustee's Deed in 2009. Def.'s Mot. to Dismiss Ex. C, at 16. The Trustee's Deed transferred "all interest the grantor had or had the power to convey . . . together with any interest the grantor or grantor's successors in interest acquired after the execution of the trust deed in and

---

[2] Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of facts that are not subject to reasonable dispute because they are (1) generally known within the Court's jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Additionally, courts may take judicial notice of "undisputed matters of public record." *Century Indem. Co. v. Marine Grp., LLC*, No. 3:08-CV-1375-AC, 2015 WL 5144330 at *2 (D. Or. Aug. 31, 2015). Because the property reports cited by Defendant McCarthy are readily available on Lincoln County's government website, they are considered matters of public record not subject to reasonable dispute, so judicial notice is appropriate.

4 – OPINION AND ORDER

to the property[.]" *Id.* Soon after, Defendant McCarthy and her husband purchased the property from JP Morgan by Special Warranty Deed in 2011. Def.'s Mot. to Dismiss Ex. B, at 13.

Under Or. Rev. Stat. § 86.797 (1), Mr. Paatalo was divested of any interest in the property following the foreclosure and sale by trustee deed in 2009. It then logically follows that when Mr. Paatalo conveyed his assumed ownership interest in the property to Mrs. Paatalo, he conveyed nothing at all. If the Court were to find otherwise, then any aggrieved former property owner could tie up new property owners in frivolous litigation under bogus theories like those brought by Mr. and Mrs. Paatalo here. In other words, the fact that Mr. Paatalo had no possessory interest when he recorded the 2019 special warranty deed is fatal to Mrs. Paatalo's claim because she cannot lawfully eject Defendant from the property that she has no legal estate or possessory interest in.

The Court will not grant leave to amend because Plaintiff cannot plead any additional facts that would salvage her case.[3] Mrs. Paatalo's action is therefore DISMISSED with prejudice.

## II. Mr. Paatalo's Claim Against Lincoln County

Mr. Paatalo argues that Lincoln County violated his constitutional rights by removing him from the property at issue. But the Court has no jurisdiction to resolve any claim for which a plaintiff lacks standing. *Warth v. Seldin*, 422 U.S. 490, 498; *Lujan*, 504 U.S. at 560. At a minimum, standing requires a plaintiff to show they have "suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) (citations and quotation omitted).

---

[3] Defendant McCarthy also requests attorney fees under Or. Rev. Stat. § 20.105. Def.'s Mot. to Dismiss 2. In Oregon, a defendant may recover attorney fees if the suit against them lacks legal and factual merit. Or. Rev. Stat. § 20.105. For the reasons already discussed, Mrs. Paatalo's claim for ejectment lacked any legal or factual merit, so Defendant McCarthy's request for attorney fees is GRANTED.

Mr. Paatalo alleges that Lincoln County violated his civil rights when, after spending a night at Defendant McCarthy's home, Lincoln County law enforcement removed him from the property. *See* Pl.'s Compl. ¶¶ 4–25. To call Mr. Paatalo's retelling a misrepresentation is an understatement. As discussed thoroughly in a state court proceeding between Mr. Paatalo and the rightful property owner Defendant McCarthy, Mr. Paatalo's actions were likely criminal. As explained by the Honorable David B. Connell:

> [Mr. Paatalo] convinced a locksmith under the guise of "self-help" to allow [Mr. Paatalo] entry into the property in question. [Mr. Paatalo] left the property only after a Lincoln County Sheriff Deputy was involved but not before he disturbed some papers belonging to [Defendant McCarthy] relating to the . . . purchase of the property that were located in the premises. *The Court considers the actions of [Mr. Paatalo] to be reckless, willful, malicious and in bad faith.* In regard to [Mr. Paatalo] gaining entry to the property while this matter was pending, *the Court considers [Mr. Paatalo's] actions to be illegal*.

ECF No. 13, Ex. E at 2, *Willam Paatalo v. Norman E. McCarthy, Joann McCarthy*, Lincoln County Case No. 18CV44633 (emphasis added).

As already discussed, Mr. Paatalo property interest was extinguished in 2009. And Mr. Paatalo's entire case against Lincoln County here depends on the falsehood that he is the rightful owner to Defendant McCarthy's property. But without a valid interest in the property, Mr. Paatalo cannot prove injury-in-fact because he cannot prove an "invasion of a legally protected interest." *Lujan*, 504 U.S. at 560. Ultimately, because Mr. Paatalo cannot meet the injury-in-fact requirement of the standing analysis, his claim against Lincoln County is DISMISSED with prejudice.

## CONCLUSION

Defendant McCarthy's Motion to Dismiss, ECF No. 7, is GRANTED and Mrs. Paatalo's action is DISMISSED with prejudice. Mrs. Paatalo's Motion for Summary Judgment, ECF No. 11, is DENIED as moot. The Court also GRANTS Defendant McCarthy's request for attorney fees. Defendant McCarthy is ORDERED to provide the Court with a bill of costs and petition for

6 – OPINION AND ORDER

fees within 30 days of this Opinion and Order. Finally, Mr. Paatalo's action is also DISMISSED with prejudice for lack of subject-matter jurisdiction.

IT IS SO ORDERED.

DATED this 2nd day of July, 2021.

_____/s Michael McShane_____
Michael J. McShane
United States District Judge