IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**WILLIAM PAATALO** and **JENNY PAATALO**,

        Plaintiffs,

    v.

**LINCOLN COUNTY** and **JOANN MCCARTHY**,

        Defendants.

_____

**JOANN MCCARTHY,**

        Cross Claimant,

    v.

**WILLIAM PAATALO,**

        Cross Defendant.

_____

**JOANN MCCARTHY,**

        Third-Party Plaintiff,

    v.

**RUSSELL L. BALDWIN,**

        Third-Party Defendant.

_____

Case No. 6:21-cv-00117-MC

**OPINION AND ORDER**

1 – OPINION AND ORDER

**MCSHANE, Judge**:

This case arises from a series of unsuccessful attempts by William Paatalo to reclaim property sold in a foreclosure sale after Paatalo defaulted on his loans. After this Court dismissed Paatalo's Complaint with prejudice (ECF No. 33), Cross Claimant and Third-Party Plaintiff JoAnn McCarthy brought claims against Paatalo and Russell Baldwin, Paatalo's attorney, for trespass, invasion of privacy, intentional infliction of emotional distress, abuse of a vulnerable person, and property damage. Ms. McCarthy alleges Paatalo, acting on the advice of Baldwin, unlawfully broke into her home during the pendency of a state court ejectment action. Baldwin moves to dismiss, arguing Oregon's litigation privilege shields him from liability. Because Ms. McCarthy sufficiently alleged a wrongful initiation claim against Baldwin, Third-Party Defendant Baldwin's Motion to Dismiss (ECF No. 45) is DENIED.

## BACKGROUND

Paatalo owned property located in Yachats, Oregon ("the Property") until August of 2009 when he defaulted on his loans. McCarthy's Third-Party Compl. ¶¶ 5, 7, ECF No. 26. Chase Bank purchased the Property at an auction and sold it to Ms. McCarthy in 2011. *Id.* ¶ 7. Throughout the auction and sale of the Property, Paatalo made numerous attempts to reclaim the Property by way of various unsuccessful legal theories. *Id.* ¶ 11. The most recent of these attempts, *Paatalo v. McCarthy* (McCarthy 1), was filed in October of 2018 in the Lincoln County Circuit Court, alleging a cause of action for the ejectment of Ms. McCarthy from the Property. *Id.* During these proceedings, Baldwin served as legal counsel for Paatalo. *Id.*

On August 12, 2019, while the McCarthy 1 proceedings were ongoing, Paatalo entered the Property without Ms. McCarthy's authorization by showing an invalid deed to a locksmith. *Id.* ¶ 12. Ms. McCarthy being absent, Paatalo obtained several documents from the Property and

made copies. *Id.* That same day, Baldwin filed a notice of voluntary dismissal and withdrawal of the claims enumerated in McCarthy 1. *Id.* ¶ 16. On August 14, after Paatalo was removed from the Property by law enforcement, Baldwin withdrew the notice of voluntary dismissal. *Id.*

McCarthy 1 was dismissed with prejudice for failure to state a claim, along with issues related to joinder and subject matter jurisdiction. *Id.* ¶ 11. As a result of Paatalo's entry into the Property, Ms. McCarthy now brings several claims against Paatalo and Baldwin. *Id.* ¶¶ 27–52.

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Factual allegations must "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and present more than "the mere possibility of misconduct," *Iqbal*, 556 U.S. at 678.

When considering a motion to dismiss, the Court must accept all allegations of material fact as true and construe them in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## **DISCUSSION**

Oregon common law recognizes an absolute privilege that shields parties and their attorneys from civil liability for statements or conduct "undertaken in connection with litigation." *Mantia v. Hanson*, 79 P.3d 404, 411 (Or. Ct. App. 2003). While the privilege initially applied to defamation claims, Oregon courts have extended the breadth of the privilege to cover "any tort action." *Wollam v. Brandt*, 961 P.2d 219, 222 n.5 (Or. Ct. App. 1998). Accordingly, a civil cause of action against a party to litigation and his attorney is generally barred by the privilege so long as the underlying actions or statements were made or taken in connection with a judicial proceeding. *See Mantia*, 79 P.3d at 412.

Although the privilege applies broadly, Oregon courts have recognized that in certain situations, "the nature of the defendant's conduct was such that the underlying purposes of the privilege would not be served" by excusing the conduct. *Id.* at 414. The most common exception to the privilege is a claim for wrongful initiation, where the plaintiff must prove: (1) the commencement and prosecution by the defendant of a judicial proceeding against the plaintiff; (2) the termination of the proceeding in the plaintiff's favor; (3) the absence of probable cause to prosecute the action; (4) the existence of malice; and (5) damages. *Perry v. Rein*, 71 P.3d 81, 84 (Or. Ct. App. 2003).

Ms. McCarthy first argues the privilege does not apply to Baldwin and Paatalo's tortious conduct because it was not taken in the course of or incident to the McCarthy 1 state court proceeding. McCarthy's Resp. Mot. Dismiss 4–5, ECF No. 47. Ms. McCarthy contends that Baldwin advised Paatalo of an extra-judicial "self-help" remedy, "designed to circumvent th[e] judicial process," taking Baldwin's conduct outside the scope of the litigation privilege. *Id.* at 5. When evaluating whether a statement or conduct was taken in connection with a judicial

proceeding, Oregon "courts are liberal and the privilege embraces anything that may possibly be pertinent" or relevant to the issues in the pending litigation. *MacVicar v. Barnett*, No. 3:18-cv-01378, 2019 WL 2361040, at *24 (D. Or. June 1, 2019); *see also Chard v. Galton*, 559 P.2d 1280, 1282 (Or. 1977).

While McCarthy 1 was ongoing, Baldwin appeared to counsel Paatalo that he was in clear title to the Property and may take action to possess it so long as he did not disturb the peace. Third-Party Compl. ¶ 21. The core issue of McCarthy 1 was rightful possession of the Property. Though questionable, Baldwin's advice to his client about an alternate means of obtaining possession directly relates to the issues pending in the McCarthy 1 ejectment action. Under the liberal relevance standard, the absolute litigation privilege applies to Baldwin's conduct.

Baldwin is not free of liability at this stage, however, because Ms. McCarthy sufficiently pleaded a wrongful initiation claim, removing the protection of the litigation privilege. McCarthy 1, brought by Paatalo against Ms. McCarthy, terminated in Ms. McCarthy's favor, establishing the first two elements of a wrongful initiation claim. Ms. McCarthy alleges damages by way of emotional distress and property damage, satisfying the fifth element. Third-Party Compl. ¶¶ 24, 48. As to lack of probable cause, "the person initiating the civil action [must] reasonably believe[] that he or she has a good chance of establishing his claim to the court's satisfaction" and "that belief must be objectively reasonable." *Perry*, 71 P.3d at 84.

The Honorable David B. Connell, who presided over McCarthy 1, found that "[Paatalo's] case lacks objective reasonableness. . . . [I]t is clear that [Paatalo] could never prove his case and this case should never have been filed." Third-Party Compl. ¶ 11. Judge Connell's findings demonstrate Paatalo and Baldwin's lack of an objectively reasonable belief in the merits of

McCarthy 1. Additionally, Paatalo's claim to the Property has been universally rejected by multiple courts in previous unsuccessful lawsuits, further supporting an inference that McCarthy 1 lacked objective reasonableness. Ms. McCarthy therefore sufficiently pleaded lack of probable cause to prosecute McCarthy 1, satisfying the third element of a wrongful initiation claim.

The remaining element is the existence of malice, meaning "the existence of a primary purpose other than that of securing an adjudication of the claim." *SPS of Or., Inc. v. GDH, LLC*, 309 P.3d 178, 184 (Or. Ct. App. 2013). Ms. McCarthy argues malice is a question for the jury, and that a jury may infer malice based on lack of probable cause. McCarthy's Resp. Mot. Dismiss 8. However, Oregon courts have consistently distinguished wrongful initiation claims brought against attorneys themselves from those brought against their clients. The caselaw is clear that a plaintiff must provide evidence of malice independent of probable cause in a wrongful initiation claim against an attorney. *See SPS of Or., Inc.*, 309 P.3d at 184 ("[T]here must be 'independent evidence substantiating an attorney defendant's "improper purpose" before such a defendant can be held liable for wrongful initiation of a civil proceeding.'"); *Bachmeier v. Tuttle*, 96 P.3d 871, 876 (Or. Ct. App. 2004) ("[T]he fact that the attorney defendant prosecuted a prior action on a client's behalf without probable cause cannot, by itself, support a legally sufficient inference that the attorney acted for an 'improper purpose.'"); *Clausen v. Carstens*, 730 P.2d 604, 608 n.12 (1986) ("An attorney is not liable for malicious prosecution unless the attorney acts *both* without probable cause to believe the client's claim will succeed *and* for an improper purpose.").

Despite the extra hurdle, the Court finds Ms. McCarthy sufficiently alleged facts to show an improper purpose by Baldwin in commencing McCarthy 1. In her complaint, Ms. McCarthy includes Judge Connell's finding that McCarthy 1 "started with a demand letter from the Plaintiff

6 – OPINION AND ORDER

that misstated both the law and the facts and was an attempt to try to bully and intimidate the [McCarthys]." Third-Party Compl. ¶ 11. He further described "Plaintiff's counsel [making] a number of statements that were not factual and did not accurately state the law." *Id.* At the motion to dismiss stage, these facts alone sufficiently allege improper purpose.

In addition, Ms. McCarthy details how Baldwin moved to dismiss McCarthy 1 immediately after Paatalo broke into the Property, then withdrew the dismissal when Paatalo was removed from the Property. *Id.* ¶ 16. She further alleges Baldwin filed documents as exhibits in McCarthy 1 that Paatalo had stolen after he broke into the Property. *Id.* ¶ 15. In Ms. McCarthy's view, Baldwin's conduct during the litigation demonstrates that McCarthy 1 was never brought to properly determine who rightfully owns the Property. Baldwin argues the opposite: that his only goal was achieving possession of the Property for his client. Because factual allegations are construed in favor of the non-moving party, the Court finds Baldwin's questionable litigation tactics during McCarthy 1 could support an inference that McCarthy 1 was brought for a purpose other than securing adjudication of the claim. Ms. McCarthy therefore successfully pleaded a wrongful initiation claim against Baldwin.

The Court further finds that immunizing Baldwin's conduct would not further the purpose of the litigation privilege. The privilege serves to remove the risk of retaliatory lawsuits against parties and attorneys for their "efforts to vindicate their rights." *Chase v. Gordon, Aylworth & Tami, P.C.*, No. 3:18-cv-00568, 2020 WL 1644310, at *19 (D. Or. Feb. 14, 2020). The purpose of the privilege would not be served, for example, by applying it to immunize "a lawyer who 'runs down a pedestrian in the crosswalk on his way to the court,' 'absconds with . . . settlement proceeds,' or 'steals a diamond ring from its true owner in order to present it as

evidence in court.'" *Coultas v. Liberty Mut. Fire Ins. Co.*, No. 3:15-cv-00237, 2016 U.S. Dist. LEXIS 60985, at *15 (D. Or. May 9, 2016).

While the evidence may later reveal otherwise, Ms. McCarthy presently alleges that Baldwin advised his client to engage in what was likely illegal conduct. *See* Third-Party Compl. ¶¶ 4, 11–12, Ex. 204 ("The Court considers the actions of the Plaintiff . . . to be reckless, willful, malicious and in bad faith. In regard to the Plaintiff gaining entry to the property while this matter was pending, the Court considers Plaintiff's actions to be illegal."). Although attorneys enjoy "the utmost freedom in their efforts to secure justice for their clients," the Court cannot ignore what appears to be an endless pursuit of an entirely meritless claim to the Property. *Chase*, 2020 WL 1644310, at *19. The purpose of the litigation privilege would not be served by shielding Baldwin from liability for his aggressive litigation tactics and alleged reckless disregard of the law, especially considering the previous unsuccessful lawsuits on this matter.

## CONCLUSION

For the above reasons, Third-Party Defendant Baldwin's Motion to Dismiss (ECF No. 45) is DENIED.

IT IS SO ORDERED.

DATED this 31st day of May 2022.

                                                /s/ Michael J. McShane
                                                  Michael McShane
                                             United States District Judge