IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**WILLIAM PAATALO** and **JENNY PAATALO,**

        Plaintiffs,

v.

**LINCOLN COUNTY** and **JOANN MCCARTHY,**

        Defendants.

Case No. 6:21-cv-00117-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiffs William and Jenny Paatalo brought this action against Defendants JoAnn McCarthy and Lincoln County over an alleged property dispute in Yachats, Oregon. Mrs. Paatalo sought to eject McCarthy from the property, while Mr. Paatalo alleged that Lincoln County violated his constitutional rights by forcibly removing him from the same property. Compl., ECF No. 1. Upon finding that Mrs. Paatalo failed to state a claim for relief and Mr. Paatalo lacked standing, the Court dismissed the case with prejudice and granted McCarthy's request for attorney fees. Op. & Order, ECF No. 33. McCarthy later filed a motion for attorney fees, seeking $35,847 in attorney fees and an additional $5,325 in prevailing party fees.[1] ECF No. 39.

Parties to litigation are ordinarily required to bear their own attorney's fees. *Buckhannon Bd. & Care Home, Inc. v. West Virginia D.H.H.R.*, 532 U.S. 598, 602 (2001). The general

---

[1] Mr. Paatalo submitted a declaration in opposition to McCarthy's motion for attorney fees. ECF No. 50. The Court finds it nonresponsive to McCarthy's motion. Mr. Paatalo merely reasserts his failed legal theories.

1 – OPINION AND ORDER

practice is not to award fees to a prevailing party "absent explicit statutory authority." *Id.* (quoting *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994)). Oregon law[2] provides for a mandatory award of reasonable attorney fees to a prevailing party if the court determines that "there was no objectively reasonable basis for asserting the claim." Or. Rev. Stat. § 20.105(1).

In cases where an award of attorney fees is required by statute, section 20.075(2) requires a court to consider several factors listed in subsections (1) and (2) when determining the amount of attorney fees. Or. Rev. Stat. § 20.075(2). Subsection (1) directs the court to consider:

> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
> (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
> (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
> (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
> (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190 (Prevailing party fees).
> (h) Such other factors as the court may consider appropriate under the circumstances of the case.

Or. Rev. Stat. § 20.075(1). Under subsection (2), the court must also consider the following:

> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
> (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
> (c) The fee customarily charged in the locality for similar legal services.
> (d) The amount involved in the controversy and the results obtained.
> (e) The time limitations imposed by the client or the circumstances of the case.

---

[2] Because Plaintiffs asserted state-law claims against McCarthy, Oregon law provides the proper analysis for the Court's determination as to the reasonableness of McCarthy's requested fees. *See Indep. Living Ctr. of S. Cal., Inc. v. Kent*, 909 F.3d 272, 281–83 (9th Cir. 2018); *MRO Communs. Inc. v. AT&T Co.*, 197 F.3d 1276, 1281–82 (9th Cir. 1999).

> (f) The nature and length of the attorney's professional relationship with the client.
> (g) The experience, reputation and ability of the attorney performing the services.
> (h) Whether the fee of the attorney is fixed or contingent.

Or. Rev. Stat. § 20.075(2).

Here, the Court determined that the claims against McCarthy lacked objective reasonableness, which entitled McCarthy to an award of reasonable attorney fees under section 20.105(1). *See* Op. & Order 5 ("Mrs. Paatalo's claim for ejectment lacked any legal or factual merit."). After considering the above factors under subsections (1) and (2), the Court finds that the amount of McCarthy's requested fees is reasonable. Regarding the subsection (1) factors pertaining to the objective reasonableness of the claims and diligence of the parties, the Court already explained that Plaintiffs unreasonably pursued meritless claims against McCarthy for which she had no option but to defend. *Id.* at 3–5. Factors (b), (e), and (f) therefore support the reasonableness of McCarthy's requested fee amount. The Court also noted Mr. Paatalo's reckless and likely criminal conduct in a related state court proceeding involving McCarthy, further supporting McCarthy's fee amount under factor (a) of subsection (1). *Id.* at 6.

Regarding factors (c) and (d), awarding McCarthy's requested fee amount would certainly deter others from asserting meritless claims, as was done here, and would have no affect on those who assert good faith claims in similar cases. Factor (g) directs the Court to consider the amount the Court awards in prevailing party fees. Section 20.190 allows recovery of a prevailing party fee in any civil action in which recovery of money or damages is sought and judgment is given without trial. Or. Rev. Stat. § 20.190(2)(a). In addition, courts have discretion to award an enhanced prevailing party fee of up to $5,000. Or. Rev. Stat. § 20.190(3). The factors the court must consider for an enhanced prevailing party fee mirror those provided in

section 20.075(1). Here, McCarthy is entitled to recover $325 under section 20.190(2)(a)[3] and requests that the Court award an additional $5,000 enhanced prevailing party fee under section 20.190(3). Based on the Court's analysis of the section 20.075(1) factors above, the Court agrees that McCarthy is entitled to an additional $5,000 prevailing party fee. The Court recognizes that in some cases an award of both attorney fees and prevailing party fees may be excessive, but finds that both are warranted here for reasons already discussed; namely, the objective unreasonableness of the parties and claims in this case. The section 20.075(1) factors therefore support the reasonableness of McCarthy's requested fee amount.

The next set of factors under section 20.075(2) further support awarding the amount of McCarthy's requested fees.

> Th[e]se factors are frequently captured by the "lodestar" approach, under which a fee award is "based on a reasonable hourly rate, multiplied by a reasonable number of hours devoted to work on the case, with certain adjustments potentially made to that amount for factors such as the risk of loss and the quality of the attorney's work."

*Friends of the Columbia Gorge v. Energy Facility Siting Council*, 477 P.3d 1191, 1197–98 (Or. 2020) (quoting *Strawn v. Farmers Ins. Co.*, 297 P.3d 439 (Or. 2013)). "What constitutes reasonable attorney fees is within the sound discretion of the court ordering the fee award." *Id.*

McCarthy's counsel, Brian Beck, seeks $35,847 in attorney fees for 170.7 hours of work at a rate of $210 per hour. Beck Decl. 2, ECF No. 42. After reviewing the submitted timesheets, the Court finds that Mr. Beck expended a reasonable amount of time and labor in defending this action. *See* Beck Decl. Ex. A. Though the claims were resolved early at the motion to dismiss stage, Mr. Beck notes that this case presented baseless allegations, unreasonable theories of law, and a complex litigation history involving Mr. Paatalo and the property at issue. Beck Decl. 7–9.

---

[3] The Court notes that the current version of the statute provides for a fee of $345, though McCarthy requests only $325.

As to the hourly rate, this Court often refers to the Oregon State Bar Economic Survey as an appropriate standard. *See Roberts v. Interstate Distrib. Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002). Mr. Beck stated that $210 per hour "is in the range of typical hourly fees for similar insurance-defense services" based on his communications with local counsel in or near Portland. Beck Decl. 9. The economic survey confirms that $210 is in between the 25th and 75th percentile for hourly rates of Portland attorneys practicing insurance defense. *See* Oregon State Bar 2017 Economic Survey 41.[4] The Court therefore finds Mr. Beck's rate of $210 per hour reasonable.

As for the amount in controversy and the results obtained, Plaintiffs sought return of the property at issue, valued at approximately $1 million, and an additional $80,000 in damages from McCarthy. Compl. ¶ 39; Beck Decl. 9. McCarthy's requested fees are reasonable in light of the amount at stake. Regarding factors (f) and (g), Mr. Beck has maintained an ongoing relationship with his clients McCarthy and her title insurer, Fidelity National Title Insurance Company, for many years, and he specializes in property and title insurance claims. Beck Decl. 9–10. After considering the section 20.075(2) factors, the Court finds McCarthy's requested fee amount reasonable.[5]

For the above reasons, McCarthy's Motion for Attorney Fees (ECF No. 39) is GRANTED. McCarthy is awarded $35,847 in attorney fees and $5,325 in prevailing party fees.

IT IS SO ORDERED.

DATED this 28th day of February, 2023.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge

---

[4] Available at https://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf.
[5] The Court finds factors (b), (e), and (h) neutral or irrelevant in this case.